appellant claiming he didn't think about the glass in front of the eye at such time.

We held in Phillips v. State, 140 Tex.Cr. R. 84, 143 S.W.2d 591, 592:

"Appellant offered no testimony whatsoever in defense of his action, nor any denial thereof. That the same was maliciously and wilfully done could be inferred from his actions by the jury seems plain to us."

In this case Phillips was charged with throwing a rock through an automobile windshield and destroying the driver's eye.

We also held in the case of Davis v. State, 22 Tex.App. 45, 2 S.W. 630, 631, as follows:

"It is insisted by counsel for the defendant that the word 'willfully,' as used in this statute, means more than it has been held to mean in other cases; that it means, not only that the act causing the injury was intentional, but that the party inflicting the injury intended the probable result of the act; in other words, that it means a specific intent on the part of the person inflicting the injury to maim the person injured, or that the person inflicting the injury must have known at the time that the means used by him were calculated to maim.

"If this had been a prosecution for an assault with intent to maim, the specific intention to maim would be essential, and it would have been error if the court had failed to so instruct the jury. But where, as in this case, the maiming was actually effected, if the act was committed with the evil intent, with legal malice, without reasonable ground for believing it to be lawful, and without legal justification, it was willful and malicious, whether or not it was committed with a specific intent to maim. And if the means used in the commission of the offense were such as would, in the manner used, ordinarily result in maiming, the law presumes that the intention was to maim (Pen.Code, art. 50), without regard to the knowledge of the party using such means as to whether or not the same were calculated to maim."

We see no error presented herein, and the judgment is accordingly affirmed.

## GALVAN v. STATE.

### No. 23227.

Court of Criminal Appeals of Texas.

Nov. 28, 1945.

Horace H. Shelton, of Austin, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted of the offense of carrying a pistol and assessed a fine of $100.

The record is before this court without statement of facts or bills of exception. The proceedings are regular and there is nothing presented for our consideration.

The judgment of the trial court is affirmed.